IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:11CR30 |
| | § | |
| JOHN MEININGER. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 2, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Importation or Transportation of Obscene Materials, a Class D Felony. This offense carried a statutory maximum imprisonment term of five years. The United States Sentencing Guideline range, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months. On June 9, 2011, U.S. District Judge Leonard Davis sentenced Defendant to 21 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, sex offender treatment, no contact with minors unless supervised by an adult approved by the probation officer, search provisions, computer monitoring authorization, computer account disclosure, and not possessing a device with photographic capabilities. Defendant completed the term of imprisonment and began his period of supervised release on November 9, 2012. The original term of supervised release revoked on January 7, 2013, and Defendant was sentenced to 3 months imprisonment followed by an additional 27 months of supervised release. Defendant's

second term of supervised release commenced on February 26, 2013. This second term of supervised release was revoked and he was sentenced to 10 months imprisonment and 18 months of supervised release. His third term of supervised release commenced on February 21, 2014 and on March 10, 2014, the conditions were modified to include 180 days in a residential reentry center.

Under the terms of supervised release, Defendant was not to commit another crime, answer truthfully to all inquiries and follow instructions by the probation officer, notify the probation officer ten days prior to any change in residence or employment, reside in the residential reentry center for a period of 180 days while observing all rules and regulations of the facility, and refrain from excessive use of alcohol and not to purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated the term of supervised release when he was arrested for public intoxication on February 23, 2014; was not truthful with the probation officer about use of controlled substances on March 5, 2014 and May 13, 2014; when he absconded from the residential reentry center on May 22, 2014; when he consumed alcohol in excess on February 23, 2014; when he submitted a urine specimen on March 5, 2014 that tested positive for amphetamines; and when he submitted a urine specimen on May 11, 2014 that tested positive for synthetic cannabinoids (commonly referred to as K2).

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing amphetamine, Defendant will be in violation of Texas Health and Safety Code §481.116 and have committed a Grade B violation.

U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing synthetic marijuana, Defendant will be in violation of Texas Health and Safety Code §481.1031 and have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court may revoke or extend a term of supervision and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

Should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of public intoxication; failing to answer truthfully inquires by the probation officer regarding his illegal drug use on March 5, 2014 and May 13, 2014; being unsuccessfully discharged from the residential reentry center; or by using synthetic marijuana and amphetamine, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke or extend a term of supervision and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations above. The government recommended custody for a term of 10 months plus 30 days of unserved community confinement for a total imprisonment term of 11 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant John Meininger be committed to the custody of the Bureau of Prisons for 10 months plus 30 days of unserved community confinement for a total imprisonment term of 11 months with no supervised release to follow. The Court further recommends incarceration at FCI Seagoville, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 10th day of June, 2014.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE